UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., and DOE I, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR CARGO DAMAGE |

COMES NOW plaintiff INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Plaintiff" or "IINA"), and with this Complaint alleges against the above-named defendants upon information and belief as follows:

## **JURISDICTION**

1. This case falls within the federal question jurisdiction of this court, within the provisions of 28 U.S.C. § 1331, arising from international commerce under the U.S.A. Multilateral Convention for International Carriage by Air ("**Montreal Convention**"), 1999 WL 33292734, and under Federal common law, as hereinafter more fully appears.

COMPLAINT FOR CARGO DAMAGE - 1

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

## VENUE

2.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because this is a district where one or more of the defendants resides, and per contractual agreement.

## PERTINENT FACTS

3.     Plaintiff at all relevant times was and is a corporation organized and existing under the laws of one of the States of the United States of America and was engaged at all relevant times in the business of providing insurance coverage for loss or damage to cargo during shipment.  It brings this action on its own behalf and as agent and/or trustee and/or assignee on behalf of and for the interest of all parties who may be or become interested in the shipment that is the subject of this action, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

4.     On information and belief, at and during all the times hereinafter mentioned, Expeditors International of Washington, Inc., was and now is a corporation or other business entity organized under the laws of the state of Delaware with a principal office and place of business at 1015 Third Avenue, 12th Floor, Seattle, Washington 98104, and was and now is engaged in business as a common carrier of merchandise by air or sea or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent for other entities involved in the shipment of product that is the subject of this Complaint.

5.     On information and belief, at all relevant times, DOE I, was and is an as-yet unidentified Expeditors entity other than Expeditors International of Washington, Inc., that may be responsible in whole or in part for the damages alleged in this Complaint.  Said entity, if any, will be identified further as revealed during discovery, and is believed to be, or was at all relevant

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

times, a corporation or other business entity organized and operating under the laws of one of these United States, and was and now is engaged in business as a common carrier of merchandise by air or sea or land for hire, and/or as freight forwarder, broker, transportation intermediary, and/or agent of some or all of the above, with an office, agent, or doing business within the jurisdiction of this court.  All of the Expeditors entities involved in the shipment of product that is the subject of this Complaint, including DOE I, shall be referred to hereinafter in this Complaint as "Expeditors."

6. At all relevant times Expeditors transacted and continues to transact business within this District, regularly soliciting business for the transport and ultimate delivery of shipments to worldwide destinations.

7. For all relevant times plaintiff provided cargo insurance coverage to General Electric International Operations Co., Inc. and/or GE Healthcare and/or GE Medical Systems SCS (hereinafter collectively "GE Medical Systems"), which was the owner, shipper, or consignee of a cargo of medical equipment shipped from Japan to China, by air, on or about December 27, 2013.  On arrival in China the aforesaid medical equipment was found to have suffered extensive damage.  The value of the damage is estimated to be roughly U.S. $397,000.00.  By virtue of payments made and to be made by plaintiff to GE Medical Systems with respect to its loss, and assignment to plaintiff of GE Medical Systems's rights with respect to all damages sustained, plaintiff has become subrogated to the rights held by GE Medical Systems and, as such, is a proper party to bring this action and to seek, and does hereby seek, recovery of all damages sustained by itself and its insured.

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

8. Plaintiff and its insured have duly performed all required duties and obligations on their part.  The subject cargo was delivered to Expeditors in good order and condition, and Expeditors received, accepted, and agreed to transport said cargo for certain consideration from Japan to China, and carried, handled, and/or was the bailee of, or consolidated, forwarded, and/or controlled GE Medical Systems's cargo at all relevant times, and said cargo, on information and belief, was damaged during the time of Expeditors's carriage, handling, custody, control, or responsibility for such cargo.

9. On information and belief Expeditors booked the subject shipment with other companies and/or carriers that were not disclosed to plaintiff or its insured, possibly subject to terms and conditions not disclosed to plaintiff or its insured, and Expeditors agreed to transport and deliver the subject cargo to its designated ultimate destination in the same good order and condition as received.

10. Expeditors issued to GE Medical Systems or its agent or affiliate its House Air Waybill bearing number 4930360332 for carriage of the subject goods from Narita, Japan, to Tianjin, China, destined for ultimate delivery at a hospital in Beijing, China.  On information and belief, sometime during the transport of said cargo by air or otherwise during the period when it was under the control or responsibility of Expeditors, said cargo suffered severe damage from impact or mishandling.  To the extent the damage occurred during the period of Expeditors's responsibility for care of the cargo, it is liable for all damages under the terms of the air waybill and under the provisions of the Montreal Convention.

11. At no time has Expeditors paid IINA or its insured/subrogor, GE Medical Systems, with respect to the aforesaid damages.

COMPLAINT FOR CARGO DAMAGE - 4

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

**FIRST CLAIM FOR RELIEF**

12.     IINA hereby incorporates herein the allegations of paragraphs 1 through 11 above as if fully restated herein.

13.     Under applicable law including the Montreal Convention and under the terms of the contract reflected by the aforesaid Expeditors House Air Waybill, Expeditors owed GE Medical Systems a duty to exercise reasonable care for the cargo entrusted to Expeditors for shipment and/or had a non-delegable duty to deliver such cargo safely, without damage, to its designated destination. Expeditors breached those duties by allowing significant damage to occur to the subject cargo during the period of time for which Expeditors was contractually responsible for its safe delivery to destination and under the terms of the Montreal Convention. As a result of said breach and/or other fault by Expeditors, proximately causing the aforesaid damages, IINA, as subrogee and assignee of the rights of its insured, GE Medical Systems, has sustained damages, and is entitled to recover same, in such amounts as are proved, approximately $397,000.00 as nearly as the same can now be estimated, plus interest and fees and costs as determined by the Court.

**SECOND CLAIM FOR RELIEF**

14.     IINA hereby incorporates herein the allegations of paragraphs 1 through 11 and 13 above as if fully restated herein.

15.     In addition to contractual and statutory or treaty obligations, Expeditors had a common law duty to exercise reasonable care for the goods entrusted to it by GE Medical Systems. On information and belief, Expeditors negligently breached its duties as common

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

carrier, handler, bailee, warehouseman, agent, or in other capacities with respect to the subject cargo by allowing the cargo to sustain sufficient damage by mishandling or other inadequate care to proximately cause irreparable damage and harm, all in the estimated amount of US $397,000.00 previously stated, and is therefore liable to plaintiff herein for such damage and any additional provable related damages.

## PRAYER

WHEREFORE, plaintiff prays:

1. That judgment be entered in favor of plaintiff against Expeditors for the amount of all damages to which plaintiff, as legal and/or equitable subrogee and assignee of the rights of GE Medical Systems, is entitled, together with interest and costs incurred;

2. For costs of suit and any recoverable attorneys fees to which plaintiff may be entitled; and

3. For such other further and different relief as this Court may deem just and proper in the premises.

Dated at Seattle, Washington, this 22nd day of December, 2015.

LAW OFFICE OF JAMES F. WHITEHEAD


s/ James F. Whitehead_____
James F. Whitehead, WSBA#6319
Attorneys for Plaintiff

COMPLAINT FOR CARGO DAMAGE - 6

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

**VERIFICATION**

I, James F. Whitehead, am counsel for plaintiff with respect to the above-described claims. The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief based upon my own knowledge of the casualty described above and the records made available to me by plaintiff's overseas claims representative and authored by other persons involved in investigation of the claims and knowledgeable about them. On information and belief, authorized officers of plaintiff are not available in this district to make verifications, but I am so authorized.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2015.

s/ James F. Whitehead
James F. Whitehead, WSBA#6319

COMPLAINT FOR CARGO DAMAGE - 7

**Law Office of James F. Whitehead**
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701