UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., et al.,<br><br>Defendants. | CASE NO. C15-2001JLR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND ANSWER |

### I.   INTRODUCTION

This matter comes before the court on Defendant Expeditors International of Washington, Inc.'s ("Expeditors") motion for leave to amend its answer. (Mot. (Dkt. # 16).) The court has reviewed the motion, all submissions of the parties, the relevant

//

//

//

ORDER- 1

portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Expeditors' motion to amend its answer. Expeditors must file its amended answer within seven days of the entry of this order.

## II. BACKGROUND

Plaintiff Indemnity Insurance Company of North America ("Indemnity") filed its complaint in this action on December 22, 2015. (*See generally* Compl. (Dkt. # 1).) Indemnity seeks to recover for damage to cargo that Expeditors allegedly arranged to ship from Japan to China with Third-Party Defendant Korean Air Lines Co., Ltd. ("KAL"). (*See id.* ¶¶ 8-10.) The subject cargo arrived at its destination on or around December 27, 2013, and is alleged to have suffered extensive damage while en route. (*Id.* ¶ 7.) Indemnity provided insurance coverage to the alleged owner and shipper of the damaged goods. (*Id.*)

On December 23, 2015, Expeditors filed a third-party complaint against KAL. (*See generally* TPC (Dkt. # 5).) In its third-party complaint, Expeditors acknowledges that it "booked transit of the [s]ubject [s]hipment with KAL." (*Id.* ¶ 6.) On January 6, 2016, Expeditors filed its answer to Indemnity's complaint. (Ans. (Dkt. # 8).) In its answer, Expeditors again "admits it booked the subject shipment with another company," and also "admits it issued its House Air Waybill bearing number 4930360332 for carriage of the subject goods from . . . Japan to . . . China." (*Id.* ¶¶ 9-10.)

---

[1] No party has asked for oral argument and the court deems it to be unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

On February 11, 2016, Expeditors filed the instant motion to amend its answer. (Mot.) Expeditors' proposed amended answer would deny any involvement in the subject transaction and add an affirmative defense of lack of subject matter jurisdiction. (*Id.* at 2-3; *see also* Block Decl. (Dkt. # 17) ¶ 4, Ex. 2 ("Prop. Am. Ans.").) Expeditors now asserts that a separate and distinct entity, Expeditors Japan KK, a Japanese corporation, issued House Air Waybill bearing number 4930360332 for carriage of the subject goods and booked this shipment with KAL. (*See* Block Decl. ¶ 2, Ex. 1.) Indemnity opposes Expeditors' motion.[2] (*See* Resp. (Dkt. # 20).) KAL has filed a notice of non-opposition. (Notice (Dkt. # 25).)

On February 19, 2016, the court filed a pretrial scheduling order setting the deadline for amended pleadings on October 19, 2016. (Order (Dkt. # 19).)

### III.   ANALYSIS

Federal Rule of Civil Procedure 15 governs amendments to pleadings. *See* Fed. R. Civ. P. 15. Rule 15 provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy favoring amendment should be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon,*

---

[2] Expeditors argues that Indemnity untimely filed its responsive memorandum. (Reply (Dkt. # 26) at 1.) However, Indemnity filed a motion seeking relief from the original deadline (2/25/16 Mot. (Dkt. # 23)), and Expeditors failed to respond to that motion (*see generally* Dkt.). Accordingly, the court granted Indemnity's motion for an extension of time to file its responsive memorandum. (*See* 3/9/16 Order (Dkt. # 27).) Thus, the court will consider Indemnity's response.

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted).  In determining whether to grant leave to amend, "the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alteration in original) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

The court considers five factors in determining whether to grant leave to amend pleadings:  (1) undue prejudice to the opposing party, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue delay, (4) bad faith or dilatory motive on the part of the movant, and (5) futility of amendment.  *See, e.g.*, *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence*, 316 F.3d at 1052 (emphasis in original).  According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence*, 316 F.3d at 1052.  Granting or denying leave to amend rests in the sound discretion of this court and will be reversed only for abuse of discretion.  *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).[3]

---

[3] Although the foregoing cases principally address leave to amend a complaint, Rule 15 applies to all "pleadings," and the cases therefore apply with equal force to Expeditors' motion to amend its answer.  *See* Fed. R. Civ. P. 15(a)(2).

Indemnity argues that the proposed amendment is unduly prejudicial because Indemnity will have insufficient time to amend its complaint to add Expeditors Japan KK as a defendant and effect service in Japan before the limitations period expires.[4] (Resp. at 7.) Indemnity alleges that the subject cargo arrived at its destination on or about December 27, 2013. (Compl. ¶ 7.) The Montreal convention has a two-year statue of limitations, which presumably would run on or about December 27, 2015.[5] Thus, a claim against Expeditors Japan KK may now be barred by the limitations period unless the amended complaint could be deemed to relate back to the original complaint under Rule 15. *See* Fed. R. Civ. P. 15(c)(1)(C).[6]

---

[4] Undue prejudice is the only factor against amendment that Indemnity raises. (*See generally* Resp.) None of the other factors that the Ninth Circuit instructs the court to consider weigh against Indemnity's proposed amendment. *See, e.g.*, *Sharkey*, 778 F.3d at 774 (citing *Foman*, 371 U.S. at 182). First, this is Expeditors' first request to amend its pleading. Second, the scheduling order allows for amended pleadings until October 19, 2016 (*see* Order at 1), and thus there has been no undue delay. Finally, Indemnity has made no showing of either bad faith or futility.

[5] "The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Convention for Int'l Carriage by Air ("Montreal Convention") art. 35, May 28, 1999, S. Treaty Doc. No. 106-45 (2000).

[6] Rule 15(c)(1)(C) states in pertinent part: "An amendment to a pleading relates to the date of the original pleading when . . . the amendment changes the party or the naming of a party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Multiple federal courts have held that the relation back doctrine applies to cases brought under the Warsaw and, by extension, Montreal Convention. *See, e.g.*, *Pennington v. British Airways*, 275 F. Supp. 2d 601, 606-07 (E.D. Pa. 2003); *In re Air Crash Near Rio Grande Puerto Rico on Dec. 3, 2008*, No. 11-md-02246, 2012 WL 3962906, at *3 (S.D. Fla. Sept. 11, 2012); *Raddatz v. Bax*

"[T]he non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (alteration in original). Here, Indemnity would face the same statute of limitations hurdle if Expeditors' original answer had denied Expeditors' participation in the subject shipment. The transport at issue was allegedly undertaken on December 27, 2013 (Compl. ¶ 9), which set the statutory deadline for Indemnity to bring suit on December 27, 2015 (*see supra* note 5). Indemnity did not file suit until December 22, 2015, just five days before expiration of the statutory period. Expeditors timely filed its original answer on January 6, 2016. (*See* Ans.) By this date, the two-year statute of limitations period had already run. Thus, even if Expeditors had denied its participation in the subject shipment in its original answer, Indemnity would have faced the same statute of limitations issue. Consequently, Indemnity has not shown undue prejudice based on the Montreal Convention's two-year limitations period.[7]  *See Eminence*, 316 F.3d at 1052.

---

*Global, Inc.*, No. 07-cv-1020, 2008 WL 2435582, at *3 (E.D. Wis. June 16, 2008). However, some courts have refused to allow a plaintiff to use Rule 15(c) to add a new defendant to a claim based on the Montreal Convention after the two-year limitations period had expired. *See Motorola, Inc. v. MSAS Cargo Int'l, Inc.*, 42 F. Supp. 2d 952, 955-56 (N.D. Cal. 1998); *see also Campell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1177 (11th Cir. 2014) ("[W]e agree with the consensus of courts that the Montreal Convention permits the application of Rule 15(c) relation back, at least when the amending plaintiff identifies the same defendants named in the original complaint."). The court does not decide this issue at this time because the parties have not fully briefed the issue, and it is not squarely before the court.

[7] The court notes that the allegations in Expeditors' proposed amended answer are at odds with the allegations contained in its third-party complaint. (*Compare* TPC ¶ 6 ("Expeditors

ORDER- 6

Indemnity also argues that Expeditors should be barred from amending its answer because its original answer admitting its involvement in the subject shipment constitutes a judicial admission. (Resp. at 5.) A statement in a pleading can constitute a judicial admission, which has "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). However, even if Expeditors' statement in its original answer was a judicial admission, "that fact alone does not prevent amendment, especially here where the admission is withdrawn before discovery has even begun." *Nat'l Steel & Shipbuilding Co. v. Am. Home Assur. Co.*, No. 09CV279 JLS (RBB), 2010 WL 2898265, at *2 (S.D. Cal. July 21, 2010). Furthermore, "[w]here . . . the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995). Expeditors asserts that its motion to amend is "simply . . . a prompt effort to revise its original answer to clarify the correct entity in the underlying transaction giving rise to this lawsuit," and that it "promptly sought amendment upon realization of the pertinent facts." (Mot. at 4.) In other words, Expeditors made a pleading error in the initial stages of this litigation and is promptly seeking to correct that error so the record is consistent with the actual facts as Expeditors maintains those facts occurred. The court accords this explanation due weight.

---

booked transit of the Subject Shipment with KAL.") *with* Prop. Am. Ans. ¶¶ 9-10 (denying that it booked the subject shipment and denying that it issued House Air Waybill bearing number 4930360332 for carriage of the subject goods).) Accordingly, it appears that Expeditors' will need to amend its third-party complaint as well.

ORDER- 7

Indemnity additionally argues that the motion to amend should be denied based on estoppel. (*See* Resp. at 6.) Indemnity asserts that Expeditors is estopped from amending its answer because Expeditors admitted its involvement in two prior, similar cases between the parties and Indemnity relied on that course of conduct and on the admissions in Expeditors' answer. (*See* Resp. at 6 ("Estoppel is appropriate . . . because plaintiff detrimentally relied on the prior course of dealing and, importantly, on Expeditors's Answer in this case.").) Indemnity cites no legal authority for its novel application of the doctrine of estoppel. The court agrees with Expeditors that its conduct in similar but distinct litigation provides no foundation for application of the doctrine. (*See* Reply at 3 ("[N]othing in logic or the law suggests an entity's admission of activity in previous instances leads to an uncontestable demonstration that it did the same in later instances.").) Further, if statements in a pleading estopped a party from amending, Rule 15's policy in favor of liberal amendment would be eviscerated. Accordingly, the court GRANTS Expeditors' motion to amend its answer.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Expeditors' motion to amend its

//

//

//

//

//

//

answer (Dkt. # 16).  Expeditors must file its amended answer (Block Decl., Ex. 2) within seven days of the entry of this order.

Dated this 8th day of April, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 9